IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DEREK A. DEAL,

                              Plaintiff,

       v.                                      Civil Action No.
                                                     9:04-CV-0072 (LEK/DEP)

TODD YURACK, Correctional Officer,[1]
SERGEANT BEVERLY, and MR.
ARMSTEAD, Lieutenant,

                              Defendants.

---

APPEARANCES:                                    OF COUNSEL:

FOR PLAINTIFF:

DEREK A. DEAL, *Pro Se*
580 Starlight Drive
N. Shirley, NY 11967

FOR DEFENDANTS:

HON. ELIOT SPITZER                           JAIME IRENE ROTH, ESQ.
Attorney General of the
 State of New York
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

---

        [1]     Defendant Yurack was mistakenly entered in the court's records as "Yuback". The Clerk's Office will be directed to amend its records to reflect the correct spelling of that defendant's name.

1

## REPORT AND RECOMMENDATION

Plaintiff Derek Deal, a former New York State prison inmate, has commenced this action pursuant to 42 U.S.C. § 1983, claiming violation of his civil rights, arising out of events which occurred at the Oneida Correctional Facility ("Oneida"). In his complaint, plaintiff maintains that while at Oneida he was assaulted by Corrections Officer Yurack, one of the named defendants, and was verbally harassed by other prison workers. Plaintiff also claims that in retaliation for having complained about the assault and harassment, he received further harassment and verbal abuse and was subjected to other forms of recrimination, resulting in two disciplinary hearings and sixty days of disciplinary keeplock confinement.

Currently before the court is a motion by one of the named defendants, Corrections Sergeant Beverly, seeking dismissal of plaintiff's claims for failure to state a cause of action against him. For the reasons set forth below I recommend that the motion, which plaintiff does not oppose, be granted.[2]

---

[2] In his motion, defendant Beverly has also requested a stay of discovery as against him, pending determination of this motion, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. In light of my recommendation that the motion be

I. <u>BACKGROUND</u>

According to plaintiff's complaint, the contents of which are assumed to be true for purposes of this motion, while an inmate at Oneida plaintiff was assaulted, by Corrections Officer Todd Yurack in or about January of 2003. As a result of that assault, plaintiff suffered injuries which required medical attention. Plaintiff alleges that following that assault, he was verbally harassed by Sergeant Beverly, another named defendant, and accused by him of being a liar.

As a result of the incident and, apparently, his unwillingness to provide an untrue version of the relevant events as requested by corrections officials, plaintiff was accused of several prison rule infractions within a short period of time. The first such accusation came on January 19, 2003, when plaintiff received a misbehavior report charging him with smoking in the bathroom. Plaintiff pleaded guilty to the charge, and was issued a reprimand for the infraction.

Plaintiff received another misbehavior report on February 2, 2003, accusing him of smoking in the bathroom, being out of place, and

---

granted, and plaintiff's consent to that relief, I will grant that request and will order a stay of all discovery – limited to plaintiff's claims against defendant Beverly – pending final disposition of this motion.

3

possessing an authorized article. Following a disciplinary hearing, conducted on February 3, 2003 by Corrections Lieutenant Armstead, another named defendant, plaintiff was found guilty of all three offenses. As a result of that finding, as well as of another hearing conducted on February 6, 2003, plaintiff received a total of sixty days of keeplock confinement, which were served at the Marcy Correctional Facility.[3]

According to a change of address form received from the defendant, *see* Dkt. No. 7, plaintiff was released from prison in early 2004.

## II.   PROCEDURAL HISTORY

Plaintiff commenced this action on January 21, 2004. Dkt. No. 1. After conducting an initial review of plaintiff's complaint for facial sufficiency and compliance with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure, District Judge Lawrence E. Kahn issued an order dated February 5, 2004 directing the filing of an amended complaint. Dkt. No. 4. An amended complaint was subsequently received from the plaintiff, and was filed on March 10, 2004 in accordance with that order. Dkt. No. 5.

In his complaint, as amended, Deal asserts claims under the First,

---

[3] Plaintiff's amended complaint does not specify the nature of the charges giving rise to that later hearing.

Eighth and Fourteenth Amendments to the United States Constitution, alleging use of excessive force, retaliation, and due process violations stemming from the disciplinary hearings conducted.  Plaintiff's complaint, which also purports to assert pendent state tort claims of assault and battery, names, as defendants, Corrections Officer Yurack, Corrections Sergeant Beverly and Corrections Lieutenant Armstead.

Defendants Armstead and Yurack have responded to plaintiff's amended complaint with an answer which was filed on September 23, 2004.  Dkt. No. 16.  For his part, defendant Beverly has moved seeking dismissal of plaintiff's claims for failure to state a cause of action upon which relief may be granted as against him.  Dkt. No. 15.

Defendant Beverly's motion, which plaintiff does not oppose, *see* Dkt. No. 19, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

    A.   Rule 12( b)(6) Standard

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citing, *inter alia*, *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)). In deciding a 12(b)(6) motion, the court must accept the material facts alleged in the complaint as true. *Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

When determining whether a complaint states a cause of action, a court should afford great liberality to *pro se* litigants. *Davis*, 320 F.3d at 350 (citation omitted). In fact, the Second Circuit has held that a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated. *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

B.   Discussion

In his motion, Sergeant Beverly argues that plaintiff's claims against him merely allege his participation in verbal threats and harassment against Deal. As an example of the type of conduct alleged to have been engaged in by that defendant, Deal alleges that "Sergeant Beverly entered the Medical Room where Plaintiff was in [sic] and began to harass Plaintiff by stating that Plaintiff was a liar and that he [sic] better tell the truth."

Amended Complaint (Dkt. No. 5) ¶ 9.

As defendants have argued, claims against corrections workers which are premised upon the type of verbal abuse alleged in plaintiff's complaint – absent more, such as a showing of retaliatory animus and a chilling effect upon the plaintiff's exercise of protected rights, *see Garrett v. Reynolds*, No. Civ.9:99CV2065, 2003 WL 22299359, at *4-*5 (N.D.N.Y. Oct. 7, 2003) (Sharpe, M.J.) – do not rise to a level of constitutional significance. *Moncrieffe v. Witbeck*, No. 97-CV-253, 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000) (Mordue, J.). Having carefully reviewed the contents of plaintiff's complaint, and specifically the portions involving the conduct of defendant Beverly, I find that the complaint fails to assert his participation in a violation of constitutional proportions. Accordingly, and particularly in view of plaintiff's consent to the requested relief, I recommend that defendant Beverly's motion to dismiss plaintiff's claims as against him be granted.[4]

IV.  SUMMARY AND RECOMMENDATION

Plaintiff's complaint in this action alleges only verbal threats and

---

[4] Ordinarily, in light of his *pro se* status, I would recommend that the plaintiff be granted leave to replead in order to cure the perceived deficiencies. Given plaintiff's consent to the relief sought, however, and the fact that he has not requested that opportunity, I have not recommended that the dismissal be with leave to replead.

abuse on the part of defendant Beverly.  Because such conduct alone does not arise to a level of constitutional significance sufficient to support a cruel and unusual punishment claim under the Eighth Amendment, defendant Beverly seeks dismissal of plaintiff's claims against him.  In light of my finding that the plaintiff's allegations are insufficient to support an Eighth Amendment claim against defendant Beverly, and in view of plaintiff's consent to the requested relief, I recommend defendant Beverly's motion to dismiss be granted.  Based upon the foregoing it is hereby

RECOMMENDED that defendant Beverly's motion to dismiss plaintiff's claim against him (Dkt. No. 15) be GRANTED, and plaintiff's complaint be DISMISSED as against defendant Beverly only; and it is further hereby

ORDERED that pending final disposition of the pending motion, discovery in this action is hereby stayed with regard only to plaintiff's claims against defendant Beverly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and it is hereby

ORDERED that the Clerk's Office amend its records to reflect the correct spelling of defendant Yurack's name.

NOTICE:  pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties by regular mail.

Dated:   December 6, 2004
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge