UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
...................................................................................

DEREK A. DEAL,

                              Plaintiff,

    -v.-                                           9:04-CV-0072
                                                               (LEK/DEP)

TODD YURACK; SERGEANT BEVERLY;
MR. ARMSTEAD,

                              Defendants.
...................................................................................

APPEARANCES:                                    OF COUNSEL:

DEREK A. DEAL
Plaintiff, *pro se*
**LAST KNOWN ADDRESS:**
Willard Drug Treatment Campus
7116 County Road 132
PO box 303
Willard, New York 14588


FOR DEFENDANTS:

HON. ELIOT SPITZER                         JAIME IRENE ROTH, ESQ.
Office of the Attorney General               Assistant Attorney General
State of New York
The Capitol
Albany, New York 12224

LAWRENCE E. KAHN, DISTRICT JUDGE

## ORDER

    Plaintiff commenced this action against defendants Yurack, Beverly, and Armstead on

January 21, 2004. Dkt. No. 1. Plaintiff thereafter filed an amended complaint on March 10, 2004.

Dkt. No. 5. Defendants Yurack and Armstead responded to plaintiff's amended complaint with an

answer. Dkt. No. 16. Defendant Beverly made a motion to dismiss the amended complaint as

against him.  Dkt. No. 15.  By Report and Recommendation filed December 6, 2004, Magistrate Judge David E. Peebles recommended that defendant Beverly's motion to dismiss be granted and defendant Beverly be dismissed as a defendant.  *See* Dkt. No. 21.

By Order of this Court filed April 28, 2005 ("April Order") the Report and Recommendation of Magistrate Judge Peebles was approved and adopted, and defendant Beverly was dismissed from this action.  *See* Dkt. No. 26.   Due to a clerical error, on April 28, 2005, Judgment was entered dismissing this action in its entirety.  *See* Dkt. No. 27.

Rule 60(a) of the Federal Rules of Civil Procedure ("Rule 60(a)") provides in relevant part that:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

The purpose of Rule 60(a) "is to correct clerical errors so that the judgment accurately reflects the intention of the Court."  *See Polanco v. Allan*, 93-CV-1498, 1996 U.S. Dist. LEXIS 9385, at *1 (N.D.N.Y. July, 5 1996) (McAvoy, C.J.); *see also Rezzonico v. H & R Block, Inc*, 182 F.3d 144, 150-51 (2d Cir. 1999) (Rule 60(a) allows changes that implement the result intended by the court when the order was entered).

There is no question in this case that the Judgment dismissing this action was entered in error and that the Judgment does not accurately reflect the April Order of the Court.  Accordingly, the Judgment entered herein on April 28, 2005 is vacated and the Clerk is directed to reopen this action.

**WHEREFORE**, it is hereby

**ORDERED**, that the Judgment of the Court entered herein on April 28, 2005 (Dkt. No. 27) with regards to Defendant Yurack and Defendant Armstead is **VACATED**. The Clerk is directed to reopen this action and restore same to this Court's docket.

**IT IS SO ORDERED**.

Dated: May 17, 2005
　　　　Albany, New York

　　　　　　　　　　　　　　　　　　　　　　　Lawrence E. Kahn
　　　　　　　　　　　　　　　　　　　　　　　U.S. District Judge