| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK | STIPULATION AND<br>ORDER OF<br>DISCONTINUANCE |
| DEREK A. DEAL,<br>                                    *Plaintiff*, | PURSUANT TO RULE<br>41(A) |
| -against- | 04-CV-72 |
| TODD YURACK, and MR. ALMSTEAD, Lieutenant,<br>                                    *Defendants*. | LEK/DEP |

WHEREAS, IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for Plaintiff Derek Deal and Defendants Todd Yurack and Paul Almstead, parties to the above entitled action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, that the above entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

1. Plaintiff discontinues this action with prejudice and discharge and releases Defendants Yurack and Almstead; the State of New York; and New York State Department of Correctional Services, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not commence in any court, arbitration or administrative action,

1440161.1

any litigation or claims against Defendants Yurack and Almstead; the State of New York; and New York State Department of Correctional Services, pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents.

    2.    This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

    3.    The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

    4.    This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

    5.    Following the execution of this stipulation, and its being ordered by the Court, the State of New York and New York State Department of Correctional Services shall pay to plaintiff the sum of Four Thousand Five Hundred and no/100 dollars ($4,500.00) in full settlement of any and all claims. Payment by the State of New York and New York State Department of Correctional Services of this amount shall be made in one check to plaintiff Derek A. Deal 05-A-5427 payable to his inmate account at the Gouverneur Correctional Facility or the facility in which he is then located. The above amount includes all sums to which plaintiff is entitled, including but not limited to damages, and costs. The checks will be mailed to plaintiff's inmate account (Derek A. Deal 05-A-

5427) at the Gouverneur Correctional Facility, Scotch Settlement Road, P.O. Box 370, Gouverneur, NY 13642-0370.

6. Payment by the State of New York and New York State Department of Correctional Services of the amount specified in paragraph 6 is subject to the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law.

7. This stipulation shall be null and void if the approvals referred to in paragraph 7 are not obtained, and this matter shall then be placed back on the trial calendar without prejudice.

8. Payment of the amounts referenced in paragraph 6 will be made within one hundred and twenty (120) days after the approval of this stipulation by the Court and receipt by the State of New York and New York State Department of Correctional Services counsel of a copy of the so-ordered stipulation.

9. In the event that the terms of paragraph 7 are satisfied, but payment is not made within the 120 day period set forth in paragraph 9, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the one hundred and twenty-first day after court approval.

10. The foregoing constitutes the entire agreement of the parties.

1440161.1

Dated: Albany, New York  
      July 3, 2008

Dated: Syracuse, New York  
      July 3, 2008

ANDREW M. CUOMO  
Attorney General of the State of New York  
Attorney for Defendants Yurack and Almstead  
Office of the Attorney General  
The Capitol  
Albany, New York  12224

SUZANNE M. MESSER, ESQ.  
Bond, Schoeneck & King PLLC  
Attorneys for the Plaintiff Deal  
One Lincoln Center  
Syracuse, NY 13202-1355

By:  
   *S/Roger Kinsey*  
Roger W. Kinsey  
Assistant Attorney General  
Bar Roll No. 508171  
Telephone: (518) 473-6288

By:  
   *S/Suzanne M. Messer*  
Suzanne M. Messer, Esq.  
Bar Roll No. 514398

Dated: July 7th, 2008

SO ORDERED:

*Joseph M. Hood*  
HON. JOSEPH M. HOOD  
UNITED STATES DISTRICT COURT JUDGE

1440161.1